## Citizens' National Bank of Somerset v. Marcum.

(Decided Nov. 20, 1934.)

B. J. BETHURUM for appellant.

E. L. STEPHENS and VIRGIL P. SMITH for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

J. N. Marcum brought this suit against the Citizens' National Bank of Somerset to recover the sum of $1,400 and interest, alleged to have been paid for an oil and gas lease that was never delivered. From a judgment in favor of Marcum, the bank appeals.

Though the record is voluminous, the material facts are few, and may be summarized as follows: In the month of March, 1930, the bank became the owner of about 14,000 acres of land in McCreary and Pulaski counties. At that time J. N. Marcum was engaged in purchasing and reselling oil and gas leases in that territory. Mr. E. L. Stephens, an attorney, succeeded in interesting him in the purchase of a lease on the bank's lands. Shortly thereafter Mr. Stephens appeared at a meeting of the bank's directors, and made a proposition on behalf of Mr. Marcum to pay $1,400 for a lease on the usual terms. This proposition was accepted by the directors, and its officers were directed to execute the lease. After some discussion and delay the lease was executed, and on May 7, 1930, was sent to the Farmers' Bank & Trust Company of Williamsburg, with draft for $1,400 attached, with directions to deliver the lease on collection of the draft, or if the draft was not paid to hold the papers until further notice. Mr. Marcum was away at the time, and there was some correspondence between the bank and Mr. Stephens in

regard to Marcum's delay in taking up the lease and paying the $1,400. In one of the letters to Mr. Stephens the bank said:

> "We are leaving this matter largely in your hands, although we reserve the right to recall the lease at any time that we see fit."

After considerable more correspondence the bank wrote Mr. Stephens that unless the matter was brought to a conclusion by Saturday, June 28, 1930, it was its intention to recall the lease. On June 23, 1930, Mr. Stephens acknowledged receipt of this letter, and said:

> "Unless the lease is paid for by end of this week in accordance with your instructions, same will be promptly returned to you by Farmers Bank."

Marcum did not take up the lease by the end of the week, and on July 2, 1930, the bank wrote to the Farmers' Bank & Trust Company at Williamsburg to return the lease, together with all papers attached, including the draft, and further said:

> "It may be possible that we will do some business with Mr. Marcum yet if he gets in a position to handle this lease, but at the present time we are recalling the lease, as we think he has had sufficient time to complete the transaction if he is going to do it at all."

On the same day the bank wrote Mr. Stephens and inclosed a copy of the letter to the Farmers' Bank & Trust Company. In its letter to Mr. Stephens the bank said:

> "If you find out that he (Marcum) is ready to take up the lease, if you will let us know about it, we may be in position to still do business with him."

On July 14, 1930, Stephens wrote the bank that Marcum had agreed to give him a check for $1,400, to be made to the bank, and added:

> "If you can make other and better arrangements, it is a matter of business to do so. * * * You can hold the lease in your possession until the check is paid if you like. If you desire to take it, send me the lease. If you decide to turn it down, return the check to me."

In reply to the foregoing letter the bank on July 17, 1930, wrote Mr. Stephens acknowledging receipt of the check to cover the bonus, and saying:

"I have shown this letter and check to several of our directors, and they are thinking the matter over. It might be that they might accept the offer, and I am holding it for a while, but if the offer is not accepted the check will be duly returned to you."

On July 26, 1930, Mr. Stephens wrote the bank stating that he had not heard whether they wished to return the lease or check on the property, and to favor him either with the lease or the return of the check. On August 9, 1930, the bank wrote Stephens that the board had finally agreed to accept the offer, and that the bonus check had been sent through for collection, and when they received the return on same the lease would be forwarded to him. Thereafter the bank collected the check, declined to send the lease, and rented the property to the Warfield Natural Gas Company. After that Marcum demanded his money from the bank, but the bank declined to pay.

What would have been the rights of the parties after the bank directed the return and took possession of the lease, if either had claimed that the other was liable, we need not determine. As a matter of fact, both parties regarded the transaction as ended by the action of the bank in directing the return of the lease. Negotiations were opened up by Marcum's sending his check for the lease, with directions either to return the check or send the lease. Not only did the bank agree to this arrangement, but it subsequently wrote Mr. Stephens in substance that, when the bonus check, which had been sent through for collection, was paid, the lease would be forwarded. In short, the case is one where the bank agreed either to return the check or send the lease. Instead of complying with its contract, it cashed the check and refused to deliver the lease. There was an entire failure of consideration for the check, and there can be no doubt that Marcum was entitled to recover the amount of the check and interest.

It follows that the judgment was correct.

Judgment affirmed.